1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANNA P. FARIAS-EISNER (Cal. Bar No. 322791)
4  Assistant United States Attorney
   General Crimes Section
5      1200 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone:     (213) 894-2170
7      Facsimile:     (213) 894-0141
       E-mail:        anna.farias-eisner@usdoj.gov
8
9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10
11                 UNITED STATES DISTRICT COURT
12             FOR THE CENTRAL DISTRICT OF CALIFORNIA
13  UNITED STATES OF AMERICA,          No. CR 19-716-JFW
14          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                        OLAJAWUN STEVESON HUDSON
15             v.
16  OLAJAWUN STEVESON HUDSON,
17          Defendant.
18
19       1.   This constitutes the plea agreement between OLAJAWUN
20  STEVESON HUDSON ("defendant") and the United States Attorney's Office
21  for the Central District of California (the "USAO") in the above-
22  captioned case.  This agreement is limited to the USAO and cannot
23  bind any other federal, state, local, or foreign prosecuting,
24  enforcement, administrative, or regulatory authorities.
25                      DEFENDANT'S OBLIGATIONS
26       2.   Defendant agrees to:
27          a.   At the earliest opportunity requested by the USAO and
28  provided by the Court, appear and plead guilty to count one of the

LMB
12/09/21

1    indictment in <u>United States v. Hudson</u>, CR No. 19-716-JFW, which

2    charges defendant with possession with intent to distribute a mixture

3    and substance containing a detectable amount of N-phenyl-N-[1-(2-

4    phenlyethyl)-2-piperidinyl] propenamide ("fentanyl"), in violation of

5    21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi).

6           b.   Not contest facts agreed to in this agreement.

7           c.   Abide by all agreements regarding sentencing contained

8    in this agreement.

9           d.   Appear for all court appearances, surrender as ordered

10   for service of sentence, obey all conditions of any bond, and obey

11   any other ongoing court order in this matter.

12          e.   Not commit any crime; however, offenses that would be

13   excluded for sentencing purposes under United States Sentencing

14   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15   within the scope of this agreement.

16          f.   Be truthful at all times with the United States

17   Probation and Pretrial Services Office and the Court.

18          g.   Pay the applicable special assessment at or before the

19   time of sentencing unless defendant has demonstrated a lack of

20   ability to pay such assessments.

21                       <u>THE USAO'S OBLIGATIONS</u>

22      3.   The USAO agrees to:

23          a.   Not contest facts agreed to in this agreement.

24          b.   Abide by all agreements regarding sentencing contained

25   in this agreement.

26          c.   At the time of sentencing, move to dismiss the

27   remaining count of the indictment as against defendant.  Defendant

28   agrees, however, that at the time of sentencing the Court may

                                    2

consider any dismissed charges in determining the applicable
Sentencing Guidelines range, the propriety and extent of any
departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of
imprisonment no higher than the low end of the applicable Sentencing
Guidelines range, provided that the offense level used by the Court
to determine that range is 27 or higher and provided that the Court
does not depart downward in offense level or criminal history
category.  For purposes of this agreement, the low end of the
Sentencing Guidelines range is that defined by the Sentencing Table
in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of
the crime charged in count one of the indictment, that is, possession
with intent to distribute a mixture and substance containing a
detectable amount of fentanyl, in violation of Title 21, United
States Code, Sections 841(a)(1), (b)(1)(A)(vi), the following must be
true:

a.   First, defendant knowingly possessed fentanyl; and
b.   Second, defendant possessed it with the intent to
distribute it to another person.

3

5.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl.  Defendant admits that defendant, in fact, possessed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl, namely, approximately 989.1 grams.

PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi), is: lifetime imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

8.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or

assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 3, 2019, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 989.1 grams, of a mixture and substance containing a detectable amount of fentanyl.  Specifically, defendant arrived at Los Angeles International Airport ("LAX") intending to travel to Louis Armstrong New Orleans International Airport in New Orleans, Louisiana, on Delta Airline flight 0835.  Prior to boarding the

flight, defendant checked as luggage a pink "MOTUS" brand roller suitcase, which displayed a luggage tag identifying him as the owner. Hidden inside the suitcase were packages that contained approximately 989.1 grams of fentanyl and 2,004 grams of cocaine.  When defendant possessed the suitcase at LAX and checked it for transport on Delta Airline flight 0835, he knew that the suitcase contained drugs hidden within it, and he intended to distribute those drugs to another person.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          30       U.S.S.G. § 2D1.1(c)(5)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b.   The offense did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16.   Because the safety valve criteria in U.S.S.G. § 5C1.2(a)(1) has not been updated to match the language of 18 U.S.C. § 3553(f)(1), if the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), but does not satisfy the criteria for a two-level reduction under U.S.S.G. § 2D1.1(b)(18) (referencing the criteria set forth in U.S.S.G. § 5C1.2(a)(1)), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a).  By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied.  If the government makes a two-level variance recommendation as described herein, defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2      20.  Defendant understands that, with the exception of an appeal

3 based on a claim that defendant's guilty plea was involuntary, by

4 pleading guilty defendant is waiving and giving up any right to

5 appeal defendant's conviction on the offense to which defendant is

6 pleading guilty.  Defendant understands that this waiver includes,

7 but is not limited to, arguments that the statute to which defendant

8 is pleading guilty is unconstitutional, and any and all claims that

9 the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12      21.  Defendant agrees that, provided the Court imposes a term of

13 imprisonment within or below the range corresponding to an offense

14 level of 27 and the criminal history category calculated by the

15 Court, defendant gives up the right to appeal all of the following:

16 (a) the procedures and calculations used to determine and impose any

17 portion of the sentence; (b) the term of imprisonment imposed by the

18 Court; (c) the fine imposed by the Court, provided it is within the

19 statutory maximum; (d) to the extent permitted by law, the

20 constitutionality or legality of defendant's sentence, provided it is

21 within the statutory maximum; (e) the term of probation or supervised

22 release imposed by the Court, provided it is within the statutory

23 maximum; and (f) any of the following conditions of probation or

24 supervised release imposed by the Court: the conditions set forth in

25 Second Amended General Order 20-04 of this Court; the drug testing

26 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

27 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28

22.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 27 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

24.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

25.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

12

1    speedy trial claim with respect to any such action, except to the

2    extent that such defenses existed as of the date of defendant's

3    signing this agreement.

4           c.    Defendant agrees that: (i) any statements made by

5    defendant, under oath, at the guilty plea hearing (if such a hearing

6    occurred prior to the breach); (ii) the agreed to factual basis

7    statement in this agreement; and (iii) any evidence derived from such

8    statements, shall be admissible against defendant in any such action

9    against defendant, and defendant waives and gives up any claim under

10   the United States Constitution, any statute, Rule 410 of the Federal

11   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

12   Procedure, or any other federal rule, that the statements or any

13   evidence derived from the statements should be suppressed or are

14   inadmissible.

15          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

16                         OFFICE NOT PARTIES

17      28.   Defendant understands that the Court and the United States

18   Probation and Pretrial Services Office are not parties to this

19   agreement and need not accept any of the USAO's sentencing

20   recommendations or the parties' agreements to facts or sentencing

21   factors.

22      29.   Defendant understands that both defendant and the USAO are

23   free to: (a) supplement the facts by supplying relevant information

24   to the United States Probation and Pretrial Services Office and the

25   Court, (b) correct any and all factual misstatements relating to the

26   Court's Sentencing Guidelines calculations and determination of

27   sentence, and (c) argue on appeal and collateral review that the

28   Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     United States Attorney

9

10   _____        January 5, 2022
     ANNA P. FARIAS-EISNER                   _____
11   Assistant United States Attorney        Date

12   _____         1/5/22
     OLAJAWUN STEVESON HUDSON                 _____
13   Defendant                               Date

14                                           1/5/2022
     _____         _____
15   CHARLES C. BROWN                         Date
     Attorney for Defendant OLAJAWUN
16   STEVESON HUDSON

17                    CERTIFICATION OF DEFENDANT

18        I have read this agreement in its entirety.  I have had enough

19   time to review and consider this agreement, and I have carefully and

20   thoroughly discussed every part of it with my attorney.  I understand

21   the terms of this agreement, and I voluntarily agree to those terms.

22   I have discussed the evidence with my attorney, and my attorney has

23   advised me of my rights, of possible pretrial motions that might be

24   filed, of possible defenses that might be asserted either prior to or

25   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26   of relevant Sentencing Guidelines provisions, and of the consequences

27   of entering into this agreement.  No promises, inducements, or

28   representations of any kind have been made to me other than those

                                  15

1  contained in this agreement.  No one has threatened or forced me in

2  any way to enter into this agreement.  I am satisfied with the

3  representation of my attorney in this matter, and I am pleading

4  guilty because I am guilty of the charge and wish to take advantage

5  of the promises set forth in this agreement, and not for any other

6  reason.

7  _____          1 - 5 . 22

8  OLAJAWUN STEVESON HUDSON                      Date
   Defendant

9

10              CERTIFICATION OF DEFENDANT'S ATTORNEY

11      I am OLAJAWUN STEVESON HUDSON's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  a guilty plea pursuant to this agreement.

25  _____          1/5/22

26  CHARLES C. BROWN                              Date
   Attorney for Defendant OLAJAWUN
27  STEVESON HUDSON

28

                              16